**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN**

| | | |
|---|---|---|
| MALIBU MEDIA, LLC, <br>     Plaintiffs, <br> v. <br> JOHN DOE subscriber assigned IP address <br> 24.183.51.58, <br>     Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Civil Action No. 3:13-CV-00205-SLC |
| MALIBU MEDIA, LLC, <br>     Plaintiffs, <br> v. <br> JOHN DOE subscriber assigned IP address <br> 71.13.250.95, <br>     Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Civil Action No. 3:13-CV-00207-SLC |
| MALIBU MEDIA, LLC, <br>     Plaintiffs, <br> v. <br> JOHN DOE subscriber assigned IP address <br> 71.87.100.125, <br>     Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Civil Action No. 3:13-CV-00208-BBC |
| MALIBU MEDIA, LLC, <br>     Plaintiffs, <br> v. <br> JOHN DOE subscriber assigned IP address <br> 98.125.121.178, <br>     Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Civil Action No. 3:13-CV-00209-SLC |
| MALIBU MEDIA, LLC, <br>     Plaintiffs, <br> v. <br> JOHN DOE subscriber assigned IP address <br> 24.177.123.74, <br>     Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Civil Action No. 3:13-CV-00315-WMC |
| MALIBU MEDIA, LLC, <br>     Plaintiffs, <br> v. <br> JOHN DOE subscriber assigned IP address <br> 24.183.92.115, <br>     Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Civil Action No. 3:13-CV-00317-SLC |

| | |
|---|---|
| MALIBU MEDIA, LLC,<br>    Plaintiffs,<br>v.<br>JOHN DOE subscriber assigned IP address<br>24.196.90.111,<br>    Defendant. | Civil Action No. 3:13-CV-00318-BBC |
| MALIBU MEDIA, LLC,<br>    Plaintiffs,<br>v.<br>JOHN DOE subscriber assigned IP address<br>66.168.17.59,<br>    Defendant. | Civil Action No. 3:13-CV-00319-SLC |
| MALIBU MEDIA, LLC,<br>    Plaintiffs,<br>v.<br>JOHN DOE subscriber assigned IP address<br>71.10.117.251,<br>    Defendant. | Civil Action No. 3:13-CV-00320-SLC |
| MALIBU MEDIA, LLC,<br>    Plaintiffs,<br>v.<br>JOHN DOE subscriber assigned IP address<br>71.90.19.244,<br>    Defendant. | Civil Action No. 3:13-CV-00321-BBC |
| MALIBU MEDIA, LLC,<br>    Plaintiffs,<br>v.<br>JOHN DOE subscriber assigned IP address<br>97.86.116.18,<br>    Defendant. | Civil Action No. 3:13-CV-00322-WMC |

**MOTION OF THE ELECTRONIC FRONTIER FOUNDATION FOR LEAVE TO FILE
BRIEF AMICUS CURIAE IN SUPPORT OF SANCTIONS**

The Electronic Frontier Foundation ("EFF") hereby moves for leave to file an *amicus curiae* brief in the above-captioned cases in support of sanctions against Malibu Media

2

("Malibu") and its counsel for violation of Federal Rule of Civil Procedure 11(b)(1). EFF has monitored the nationwide phenomenon of copyright infringement litigation against Internet users since 2010, and has advocated for the due process rights of those users through *amicus* briefs, expert testimony, and as court-appointed attorneys *ad litem*. In this action, where no defendant has appeared and the Court has raised questions about the propriety of Malibu's complaint filings, an analysis of the facts and law from the defendant's perspective will aid the Court's decision-making. In order to respond thoroughly and helpfully to Malibu's voluminous filings, EFF requests leave to file its *amicus* brief on July 15, 2013.

EFF is a member-supported, nonprofit public interest organization dedicated to protecting civil liberties and free expression in the digital world. EFF seeks to protect the rights of Internet users to communicate, learn, and engage in daily life online. EFF has participated in many cases where a copyright owner seeks damages for alleged infringement of creative works on the Internet using the BitTorrent protocol.[1] In 2010, Judge Godbey of the Northern District of Texas appointed an EFF staff attorney to serve as *ad litem* counsel for 670 John Doe defendants in a copyright case, like the instant cases, involving alleged infringing downloads.[2] In the seminal case of *AF Holdings, LLC v. Does 1-1,058*, which is currently pending before the Court of Appeals for the D.C. Circuit, EFF presented *amicus* briefing and expert testimony on the operation of BitTorrent, on the accuracy of plaintiffs' pre-suit investigations, and on the evidentiary value of Internet Protocol addresses to establish personal jurisdiction.[3] EFF's interest in these cases is to assure that due process, and the careful balance of public and private rights

---

[1] *See, e.g., Hard Drive Prods., Inc. v. Does 1-1,495*, No. 1:11-cv-1741 (D.D.C. Jan. 30, 2012); *Millennium TGA Inc. v. Does 1 – 800*, No. 1:10-cv-05603 (N.D. Ill Mar. 31, 2011); *OpenMind Solutions, Inc. v. Does 1 – 2,925*, No. 3:11-cv-00092 (S.D. Ill. Mar. 25, 2011); *First Time Videos, LLC v. Does 1 – 500*, No. 1:10-cv-06254 (N.D. Ill. Jan. 14, 2011); *Call of the Wild Movie LLC v. Does 1 – 1,062*, No. 1:10-cv-0455 (D.D.C. Jan. 3, 2011); *Third World Media LLC v. Does 1 – 1,243*, No. 3:10-cv-0090 (N.D.W.Va. Nov. 23, 2010).
[2] *Mick Haig Prods. v. Does 1 – 670*, No. 3:10-cv-01900 (N.D. Tex. Sept. 9, 2010).
[3] *AF Holdings, LLC v. Does 1-1,058*, No. 12-7135 (D.C. Cir filed May 14, 2013) (appeal from No. 1:12-cv-00048 (D.D.C. Aug. 6, 2012)).

embodied in U.S. copyright law, are preserved regardless of the merits of each infringement claim.

"An amicus brief should normally be allowed when a party is not represented competently or is not represented at all." *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1063 (7th Cir. 1997) (Posner, J.); *see also Wisconsin Educ. Ass'n Council v. Walker*, 824 F. Supp. 2d 856, 861 (W.D. Wi. 2012) (following Seventh Circuit policy on *amicus* briefs) (citing *Nat'l Org. for Women, Inc. v. Scheidler*, 223 F.3d 615, 617 (7th Cir. 2000)). For example, when a *pro se* litigant is unable to represent herself competently, the Seventh Circuit encourages amicus participation. *Wenfang Liu v. Mund*, 686 F.3d 418, 420 (7th Cir. 2012); *see also Skolnick v. Mayor and City Council of Chicago*, 415 F.2d 1291, 1292 (7th Cir. 1969).

In the instant cases, defendants are in danger of being coerced into unjust settlements by the threat of public embarrassment before having a reasonable opportunity to be heard. In fact, the conduct that led to the Court's Order to Show Cause – attaching to complaints a list of highly embarrassing pornographic movie titles for which Malibu is *not* claiming copyright infringement – creates a strong incentive for defendants to *avoid* appearing before this Court. Raising defenses, no matter their merit, would risk a defendant's identity being revealed and publicly associated with the scandalous titles listed in "Exhibit C." Given the circumstances, the defendants are inadequately represented at this stage, though their rights are very much at stake.

EFF will assist the Court by providing a response to Malibu's briefing, including placing Malibu's conduct in the context of judicial responses to the broader phenomenon of BitTorrent litigation and providing authority supporting the Court's contention that Malibu's conduct has violated Rule 11. In order to respond thoroughly to Malibu's 30 pages of argument and numerous declarations, EFF respectfully requests that it be allowed to file its brief on July 15, 2013, or on such other date as the Court orders.

Dated: July 1, 2013 Respectfully submitted,

    /s/ Erin K. Russell
Erin K. Russell
The Russell Firm
233 South Wacker Drive, 84th Floor
Chicago, IL 60607
T: (312) 994-2424
F: (312) 706-9766
erin@russellfirmchicago.com
ARDC # 6287255

Mitchell L. Stoltz
ELECTRONIC FRONTIER FOUNDATION
454 Shotwell Street
San Francisco, CA 94110
Tel: (415) 436-9333
Fax: (415) 436-9993
Email: mitch@eff.org

*Attorneys for Amicus Curiae Electronic Frontier Foundation*

## CERTIFICATE OF SERVICE

      I, Erin K. Russell, hereby certify that on July 1, 2013, I caused a true copy of the foregoing to be served on all parties via the Court's ECF system.

Dated:    July 1, 2013           Respectfully submitted,

                                        /s/ Erin K. Russell
                                        Erin K. Russell